UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
v.                                  )           No. 3:25-CR-74-KAC-DCP
                                    )
MICHAEL SIEBERT,                    )
ANTWON SIEBERT, and                 )
ROY LEE HINES,                      )
                                    )
                Defendants.         )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Antwon Siebert's Motion for Leave to File Motion Outside Motion Deadline [Doc. 60], filed on May 7, 2026, and his Motion to Continue Trial and All Related Deadlines [Doc. 61], filed on May 11, 2026.

Defendants Michael Siebert, Antwon Siebert, and Roy Hines are charged with conspiring to distribute methamphetamine (Count One) and fentanyl (Count Two) from October 15, 2024, to June 5, 2025 [Doc. 8 pp. 1–2]. The trio are also charged with possession of fentanyl (Count Three), methamphetamine (Count Four), and cocaine (Count Five) with intent to distribute and with possession of a firearm in furtherance of drug trafficking, all allegedly occurring on June 5, 2025 (Count Six) [*Id.* at 2–3]. Defendant Hines is charged with being a felon in possession of a firearm on June 5, 2025 (Count Seven) [*Id.* at 3]. On February 17, 2026, the undersigned substituted and

appointed new counsel [Doc. 52 pp. 2–3][1] for Defendant Antwon Siebert, who first appeared in this case on August 12, 2025 [Doc. 14, Minutes]. Defendant A. Siebert's last deadline for filing pretrial motions expired on October 9, 2025 [Doc. 38 p. 3]. Defendant Antwon Siebert, through new counsel, now asks to file a motion for a bill of particulars after the expiration of the motion deadline [Doc. 60 p. 1; Doc. 60-1] and to continue the June 23, 2026 trial date and all deadlines, including reopening the pretrial motion deadline [Doc. 61].

For the reasons discussed herein, the undersigned finds that Defendant A. Siebert fails to demonstrate good cause for either his proposed motion for a bill of particulars or for reopening the deadline for pretrial motions. The undersigned finds, however, that a trial continuance is unopposed either by the Government or codefendants and furthers the ends of justice.

## I.      UNTIMELY MOTIONS

Defendant A. Siebert asks to file a motion for bill of particulars outside the motion deadline [Doc. 60 p. 1; Doc. 60-1]. Defendant seeks to file this motion seven months after the expiration of the October 9, 2025 motion deadline [*see* Doc. 38 p. 3] and nearly three months after the substitution of new counsel [*see* Doc. 52 pp. 2–3]. Defendant states the reason for the untimely filing "is not . . . for the purposes of delay or to encumber the Court with unnecessary or irrelevant motions but simply to provide Counsel the opportunity to adequately represent Mr. Siebert" [Doc. 60 p. 1]. Defendant also asks the Court to reopen his pretrial motion deadline asserting that the deadline expired before current counsel's appointment [Doc. 61 p. 1]. He contends that although counsel is still reviewing discovery and investigating the case, counsel "has identified issues that

---

[1]      The primary basis for the breakdown in the attorney-client relationship between Defendant A. Siebert and prior counsel was their "difference of opinion" on whether certain pretrial motions were appropriate [Doc. 52 p. 2].

are potentially dispositive and will need motion[s filed] and potential hearings on such motions" [*Id.*].

The Government opposes both the untimely motion for bill of particulars and reopening the pretrial motion deadline, arguing that Defendant fails to demonstrate good cause for either request [Doc. 66 p. 1]. It contends that Defendant "identifies no newly discovered evidence, no recent disclosure by the Government, and no external circumstance that prevented timely filing" of either his motion for bill of particulars or pretrial motions generally [*Id*. at 3]. The Government argues that the delay in filing "is both substantial and unexplained, [and that] the interests of finality, efficiency, and adherence to court-imposed deadlines weigh strongly against granting leave" for any additional pretrial motions [*Id*. at 5].

Motions challenging deficiencies in the Indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(A)–(B). The Federal Rules of Criminal Procedure contemplate that a defendant should move for a bill of particulars within fourteen days of arraignment unless the court permits the motion at a later time. Fed. R. Crim. P. 7(f). Here, the Court permitted any such pretrial motion by October 9, 2025. The Court has discretion to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)). In assessing good cause,

the Court reviews and analyzes the facts of each case. *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015).

Here, Defendant addresses neither the reason for the delayed filing, nor the prejudice. While current defense counsel was not in the case before the pretrial motion deadline expired, he has represented Defendant for nearly three months. As the Government points out [Doc. 66 p. 4], new defense counsel did not seek to reopen the motion deadline expeditiously.

As for prejudice, Defendant A. Siebert is joined for trial with two codefendants, and Defendant Hines has expressed a desire for a speedy trial [*See* Doc. 65 (stating that Defendant Hines "reluctantly" agrees to another trial continuance to access digital evidence); *see also* Doc. 48 p. 2 (discussing that Defendant Hines initially opposed but later consented to a trial date after March 10, 2026); Doc. 46 p. 1 (stating Defendant Hines asserts his constitutional and statutory rights to a speedy trial but does not oppose a brief continuance)]. Moreover, the public has an interest in a speedy trial. *Bloate v. United States*, 559 U.S. 196, 211 (2010) (observing that the Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice.") (citation omitted). Defendant A. Siebert's belated filing and desire to reopen the pretrial motion deadline affects all these interests, as well as the Court's and Government's interest in the reliability of the Court's scheduling deadlines. *See United States v. Cornejo-Garcia*, No. 3:19-CR-90, 2019 WL 5296762, *5 (E.D. Tenn. Oct. 21, 2019) ("'Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases.'" (quoting *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009)).

Finally, Defendant does not explain how he would be prejudiced by the inability to file additional pretrial motions, and the Court finds he is not prejudiced by the inability to file his

proposed Motion for Bill of Particulars [Doc. 60-1]. Defendant seeks a bill of particulars because he contends the Indictment fails to include any overt acts or "essential facts" [*Id*. ¶ 6]. He asks the Court to require the Government to provide a bill of particulars specifying his role in the alleged drug-trafficking conspiracy, the dates he joined and left the conspiracy, and any overt acts he performed in furtherance of the conspiracy that the Government will seek to prove in its case-in-chief" [*Id*. ¶ 6]. Other than a citation to Federal Rule of Criminal Procedure 7(f), Defendant cites no law in support of his request.[2] It is well-settled, however, that with respect to a conspiracy charged under 21 U.S.C. § 846, "'an overt act need be neither charged nor proved[.]'" *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir. 1984) (quoting *United States v. Umentum*, 547 F.2d 987, 991 (7th Cir. 1976)); *see also United States v. Briggs, et. al*, No. 3:23-CR-25, 2023 WL 8854773, at *3 (E.D. Tenn. Dec. 21, 2023) (citing *Dempsey*, 733 F.2d at 396). Because the Government is not required to charge or prove an overt act in a drug conspiracy, courts have likewise found no need to particularize an indictment that fails to charge overt acts. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (denying a bill of particulars when the purpose "is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial"); *see also United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) ("[A] defendant is not entitled to discover all the overt acts that might be proven at trial.").

In addition to the lack of legal support for Defendant's proposed motion, Defendant's request also fails factually. The Indictment charges Defendant with three substantive counts of drug trafficking that would constitute overt acts in furtherance of the conspiracy [Doc. 8 pp. 2–3].

---

[2] Motions shall be accompanied by a brief that must "include a concise statement of the factual and legal grounds which justify the ruling sought from the Court." E.D. Tenn. L.R. 7.1 (a)–(b). Both Defendant's Motion for Leave [Doc. 60] and Motion for Bill of Particulars [Doc. 60-1] fail to state the legal grounds for the requested relief.

Moreover, Defendant was initially charged by Criminal Complaint [Doc. 1]. The affidavit in support of the Criminal Complaint states that Defendant accompanied Defendant M. Siebert to multiple controlled drug buys and that a confidential informant identified Defendant A. Siebert as a supplier of fentanyl in the Knoxville, Tennessee area since 2024 [Doc. 1 ¶¶ 13, 24]. During the execution of a search warrant on June 5, 2025, Defendant was found in an apartment with his two codefendants, large amounts of illegal drugs, four firearms, over $21,000, and supplies for drug sales [*Id*. ¶ 22]. A bill of particulars is not warranted if the requested information is available from other sources. *See United States v. Turner*, No. 22-cr-20354, 2023 WL 4030026, at *4 (E.D. Mich. June 15, 2023) (denying bill of particulars where indictment stated government's theory of liability as aiding and abetting and *Pinkerton* liability in a drug trafficking conspiracy); *see also United States v. Morales*, No. 3:21-CR-00022, 2023 WL 2818730, at *6 (M.D. Tenn. Apr. 6, 2023) (determining that further particularization of drug conspiracy not warranted where, in addition to discovery and the aid of a coordinating discovery attorney, defendants had access to three criminal complaints summarizing some of the government's evidence).

In summary, Defendant fails to state good cause for permitting his proposed Motion for Bill of Particulars or for reopening the motion deadline. Accordingly, Defendant's Motion for Leave to File Motion Outside Motion Deadline [**Doc. 60**] and his request to reopen the pretrial motion deadline are **DENIED**. If counsel for Defendant A. Siebert finds additional pretrial motions are necessary, he must file the motion(s) as an attachment to a motion for leave to file the motion(s) out of time, and he must demonstrate good cause for the late filing, addressing both the reason for not filing the motion earlier and the prejudice to all parties from the late filing. Counsel is encouraged to file any motions for leave as soon as possible.

6

## II.    CONTINUANCE OF TRIAL AND SCHEDULE

Defendant A. Siebert also asks the Court to continue the June 23, 2026 trial date, to extend all related deadlines [Doc. 61 p. 1]. In support of his motion, Defendant states that he received new defense counsel in mid-February 2026, and defense counsel is still reviewing discovery and investigating the case [*Id*]. The motion relates that the Government does not oppose a trial continuance [*Id*.]. Defendant also states that he understands his speedy trial rights for the purposes of this motion [*Id*.].

On May 14, 2026, Defendant Michael Siebert filed notice that he does not object to the requested continuance of trial and related deadlines [Doc. 64 p. 1]. The notice relates that Defendant M. Siebert has been advised regarding and understands his speedy trial rights [*Id*.].

On May 15, 2026, Defendant Roy Hines filed a response to the motion to continue in which he "reluctantly agree[s] to a continuance in this matter so that he can access evidence that is material to his defense" [Doc. 65 p. 1]. Defendant Hines states that he is awaiting access from the Tennessee Bureau of Investigation ("TBI") to two phones seized during the execution of a search warrant for forensic examination [*Id*.]. He contends that access to the phones has yet to occur "due to personnel issues with the [TBI]" [*Id*.]. Thus, Defendant Hines does not oppose a brief continuance of the trial date [*Id*.].

Based upon the information contained in the motion to continue and because the Government and codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants

7

Antwon Siebert and Hines the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant A. Siebert needs time to conclude his review discovery and investigation, confer with his client, and otherwise prepare for trial. Counsel for Defendant Hines awaits access to evidence that he deems material to Defendant Hines's defense. The Court finds that all of this cannot occur before the June 23, 2026 trial date.

The Court therefore **GRANTS in part** Defendant Antwon Siebert's Motion to Continue Trial and All Related Deadlines [**Doc. 61**]. The trial of this case is reset to **September 22, 2026**. A new schedule for other trial-related deadlines is included below. As stated above, Defendant Antwon Siebert's request to reopen the pretrial motion deadline is **DENIED**. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on May 11, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

## III. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) Defendant Antwon Siebert's Moton for Leave to File Motion Outside Motion Deadline [**Doc. 60**] is **DENIED**;

(2) Defendant Antwon Siebert's Motion to Continue Trial and All Related Deadlines [**Doc. 61**] is **GRANTED in part** in that the trial date is reset and the schedule related to the trial date is extended;

(3) the trial of this matter is reset to commence on **September 22, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) all time between the filing of the motion to continue on **May 11, 2026**, and the new trial date of **September 22, 2026**, is fully

excludable time under the Speedy Trial Act for the reasons set forth herein;

(5)  Defendant Antwon Siebert's request to reopen the deadline for filing pretrial motions is **DENIED**. If defense counsel finds additional pretrial motions are necessary, he must file the motion(s) as an attachment to a motion for leave to file the motion(s) out of time, and he must demonstrate good cause for the late filing, addressing both the reason for not filing the motion earlier and the prejudice to all parties from the late filing;

(6)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 21, 2026**;

(7)  the deadline for filing motions *in limine* is **September 4, 2026**, and responses to motions *in limine* are due on or before **September 15, 2026**;

(8)  the parties are to appear before the undersigned for a final pretrial conference on **September 9, 2026, at 1:30 p.m.**; and

(9)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 11, 2026**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

9