IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:25-CR-74-KAC-DCP |
| ROY LEE HINES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. *See* 28 U.S.C. § 636(b). This case is before the Court on Defendant Roy Hines' Motion to Compel Production of Evidence [Doc. 68], filed on June 14, 2026.[1] A hearing on Defendant's Motion was held on July 7, 2026. The Defendant, through counsel, waived his appearance at the hearing.[2]

Defendant requests the Court enter an order directing the Government to produce a readable copy of data from two cell phones that were seized pursuant to a State search warrant executed on June 5, 2025. In support of his motion, the Defendant states that data on the cell phones is material to preparing his defense and the cell phones were obtained from or belong to the Defendant. *See* Fed. R. Crim. P. 16(a)(1)(E)(i) and (iii). The Defendant assets that the cell

---

[1] At the hearing on the motion, the parties addressed its filing beyond the expiration of the motion deadline on October 9, 2025 [*See* Doc. 38 p. 3]. Based upon the parties' representations about the chronology of the attempts to access the requested cell phone data and the lack of objection by the Government, the Court permits the untimely motion for good cause shown.

[2] At the conclusion of the hearing, the parties requested and the Court permitted them to submit a joint proposed Order with agreed language requiring the requested relief.

phones are being held by the Tennessee Bureau of Investigation and are in the custody and control of the Government pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E). Defendant further states that he has been informed that the cell phones are connected to forensic software that prevents the cell phone data from being lost or destroyed. The Defendant represents that he has been informed that disconnecting the cell phones from the forensic software will result in the loss or destruction of the cell phone data.

The Government confirmed that the two cell phones in question were seized pursuant to the execution of a State search warrant on June 5, 2025. The Government acknowledged that the cell phones are in the custody and control of the Government pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E). The Government confirmed that it had been informed that disconnecting the cell phones from forensic software used by the Tennessee Bureau of Investigation would result in the loss or destruction of the cell phone data. The Government stated that the Tennessee Bureau of Investigation had a licensing agreement regulating how the forensic software could be used. Pursuant to the licensing agreement, a court order was required for the Tennessee Bureau of Investigation to download a readable copy of the cell phone data. The Government stated that it did not oppose the Defendant's Motion.

The parties agreed that the Defendant will provide any passwords to the cell phones so that all the data can be downloaded. The parties further agreed that the Government, including law enforcement, will not access or review the cell phone data and will only provide a copy to counsel for the Defendant.

The Court finds the Defendant's Motion to Compel Production of Evidence is well taken. The Defendant does not have an alternate means of accessing the cell phone data. The cell phone data is material to preparing his defense. Fed. R. Crim. P. 16(a)(1)(E)(i). Additionally, the cell

2

phones belonged to the Defendant when they were seized by law enforcement pursuant to a search warrant. Fed. R. Crim. P. 16(a)(1)(E)(iii). The cell phones are in the Government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E).

The Court therefore **GRANTS** Defendant Roy Hines' Motion to Compel Production of Evidence [**Doc. 68**] and **ORDERS** the Government to provide Defendant with a readable copy of the cell phone data **within thirty (30) days** of the entry of this Memorandum and Order. The Defendant shall provide the passwords, if known, so that all the data from the cell phones can be extracted and downloaded. The Government, including law enforcement, shall not access or review the cell phone data.

    **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3