UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MICHAEL SIEBERT,<br>ANTWON SIEBERT, and<br>ROY LEE HINES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CR-74-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Antwon Siebert's Motion to Continue Trial and All Related Deadlines [Doc. 75], filed on August 12, 2026.

Defendant A. Siebert asks the Court to continue the September 22, 2026 trial date and to extend all related deadlines [*Id*. at 1]. In support of his motion, Defendant states that he received new defense counsel in mid-February 2026, and defense counsel needs more time to conclude plea negotiations [*Id*]. Defendant also states that he understands his speedy trial rights for the purposes of this motion [*Id*.]. The motion relates that the Government and counsel for Defendant Michael Siebert do not oppose a trial continuance [*Id*.]. He states that counsel for Defendant Roy Hines requests time to confer with his client regarding his position on the motion [*Id*.].

On August 14, 2026, Defendant Roy Hines filed a response to the motion to continue in which he agreed with a brief continuance to allow counsel time to receive late discovery [Doc. 77 p. 1]. Defendant Hines moved to compel production of the data extracted from two cellular telephones, and the undersigned granted that request [*Id*.]. Defendant Hines states that access to

this data is important to his defense [*Id.*]. He relates that "[a]lthough [he] wants to proceed to trial as scheduled, he does not object to a short continuance so that the requested evidence can be produced by the government" [*Id.*].

Based upon the information contained in the motion to continue and because the Government and codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant A. Siebert needs time to conclude plea negotiations and, if negotiations are not fruitful, to prepare the case for trial. Counsel for Defendant Hines awaits receipt of evidence that he deems material to Defendant Hines's defense. Once this evidence is received, counsel for Defendant Hines will need time to prepare for trial. The Court finds that all of this cannot occur before the September 22, 2026 trial date.

The Court therefore **GRANTS** Defendant Antwon Siebert's Motion to Continue Trial and All Related Deadlines [**Doc. 75**]. The trial of this case is reset to **January 19, 2027**. A new schedule for other trial-related deadlines is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on August 14, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, for the reasons discussed above, the Court **ORDERS** as follows:

(1) Defendant Antwon Siebert's Motion to Continue Trial and All Related Deadlines [**Doc. 75**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 19, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **August 14, 2026**, and the new trial date of **January 19, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 18, 2026**;

(5) the deadline for filing motions *in limine* is **January 4, 2027**, and responses to motions *in limine* are due on or before **January 12, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 5, 2027, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 8, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge